IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DILAN LANE STEWART**                                                  **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 1:21-cv-148-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                **DEFENDANT**

## JUDGMENT

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for child's insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on June 8, 2022 [18]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-

> evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Statement of the Case

Plaintiff, Dilan Lane Stewart, protectively filed an application for supplemental security income on July 15, 2019, and for child's insurance benefits on July 29, 2019. Both applications alleged disability beginning January 1, 2012. These claims were denied initially on October 14, 2019, and upon reconsideration on December 13, 2019. Plaintiff filed a written request for hearing, and a telephonic hearing was held on March 2, 2021. Plaintiff, her attorney, and an impartial vocational expert, Barbara Holmes, appeared at the hearing.

On March 18, 2021, the ALJ issued a decision finding Plaintiff not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset

date of January 1, 2012. At step two, the ALJ found that Plaintiff had the following "severe" impairments: gastric ulcer with history of upper gastrointestinal bleeding, major depressive disorder, anxiety disorder, methamphetamine use disorder, and cannabis use disorder. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff with the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry/push/pull twenty pounds occasionally and ten pounds frequently, sit six hours in an eight-hour work day, and stand/walk six hours in an eight-hour workday. The claimant can understand, remember, and carry out simple instructions and perform simple routine repetitive tasks. He can sustain attention, concentration, and persistence on tasks for two-hour periods sufficient to complete an eight-hour workday with normal breaks. He can have occasional interaction with supervisors and coworkers but never with the general public. He can adapt to simple, infrequent, and gradually introduced changes in the workplace.

Tr. 36.

At step four, the ALJ found that the Plaintiff was able to perform his past relevant work. Tr. 40. The claimant had past relevant work as a packager, an unskilled job performed at the medium exertional level. The ALJ also found that the job of packager was performed at the light exertional level as actually performed by the claimant. The vocational expert testified that a hypothetical individual with the same age, education, work experience, and residual functional capacity as the claimant could perform the claimant's past work of packager. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the ALJ found that the claimant can perform it as actually performed. Tr. 40.

The vocational expert also testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as a restroom

3

attendant/cleaner (DOT # 358.677-018) (35,000 jobs in the national economy), a wire worker (DOT # 728.684-022) (125,000 jobs in the national economy), and a shirt folder (DOT 369.685-030) (85,000 jobs in the national economy), all of which are unskilled jobs performed at the light exertional level. Therefore, the ALJ found that the Plaintiff was not disabled.

The Appeals Council issued an Order denying Plaintiff's request for review on August 2, 2021, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

**Discussion**

Plaintiff raises one issue on appeal: whether the ALJ properly evaluated Dr. Harold Savell's opinion in assessing Plaintiff's mental RFC. Plaintiff argues that had the ALJ correctly evaluated the statement of Dr. Savell, the ALJ would have assigned the Plaintiff a more restrictive mental RFC. The RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001).

Although Plaintiff urges this Court to remand because the ALJ did not provide an explicit discussion of the factor of supportability in the same paragraph in which the ALJ found Dr. Savell's opinion was not persuasive, the Fifth Circuit has held that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Rather, "[r]emand is only appropriate 'where there is no indication the ALJ applied the

correct standard." *Id*. (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

Here, Dr. Savell performed a consultative mental evaluation of Plaintiff in October 2019, where Plaintiff reported an unhappy childhood, history of neglect and abuse, and a number of subjective symptoms, including being nervous in the public and around noise; feeling hopeless, depressed, and on edge all the time; hearing voices like someone is in another room; and attempting suicide in the past Tr. 371-72. On mental status examination, Dr. Savell observed that Plaintiff appeared sad and depressed and had poor insight, but otherwise noted unremarkable exam findings. Tr. 372-73. Dr. Savell noted that Plaintiff had normal physical stature and physical development, had a normal posture, was appropriately dressed, responded to direct questions in a soft voice, exhibited fair eye contact, was appropriately oriented, was not delusional, had depressive but logical thoughts, had fair long-term memory, had good short-term memory, had good immediate recall, had fair delayed recall, had fair concentration, had fair reasoning ability, could work simple subtraction and multiplication problems in his head; had fair abstract reasoning ability, had fair social judgment, and had estimated intelligence within the dull normal range. Tr. 372-73. Despite these mostly normal exam findings, Dr. Savell stated that Plaintiff's "prognosis over the next year for being able to gain and maintain employment is poor" and that he would have difficulty with energy, motivation, and dealing with people. Tr. 373.

> The ALJ stated with respect to the consultative examination of Dr. Savell:
>
> After the comprehensive mental status evaluation, Dr. Savell gave the opinion that the claimant's prognosis over the next year for being able to gain and maintain employment is poor (Exhibit 3F). He assessed that the claimant would have difficulty with energy, motivation, and difficulty dealing with people. The undersigned finds that Dr. Savell's opinion is not persuasive. Dr. Savell's opinion is not consistent with evidence showing logical thoughts, fair to good memory and

5

recall, fair judgment, and dull normal intelligence. Further, Dr. Savell did not give a function-by-function analysis of the claimant's ability to perform basic work activities.

Tr. 39.

Here, the ALJ properly noted that Dr. Savell's opinion "did not give a function-by-function assessment of Plaintiff's ability to perform basic work activities" Tr. 39. Indeed, Dr. Savell identified no "objective medical evidence" from himself or any other medical source to support his opinion Tr. 371-72. In his opinion, the ALJ noted the mostly normal objective medical findings from Dr. Savell himself and other medical sources in the record. Tr. 37-39, 333, 338, 358-59, 368, 377-78, 383-84, 463-64, 499-500, 504-505, 507-508, 540, 726, 731-32.

While the ALJ found Dr. Savell's opinion unpersuasive, he considered and found persuasive the administrative medical findings of Vicki Prosser, Ph.D. Regarding Dr. Prosser's findings, the ALJ noted:

> Vicki Prosser, Ph.D., a State agency psychological consultant, submitted a psychiatric review technique form wherein she rated the claimant's "B" criteria in relation to schizophrenia spectrum and other psychotic disorders, depressive, bipolar and related disorders, and trauma and stressor related disorders (Exhibits 1A and 2A). She assessed the claimant as experiencing moderate limitation in understanding, remembering, or applying information; moderate difficulties in interacting with others; moderate difficulties in concentrating, persisting, or maintaining pace; and moderate difficulty adapting or managing oneself. Dr. Prosser gave the opinion that the claimant is capable of understanding and carrying out instructions and maintaining attention and concentration adequately for two-hour periods in an eight-hour workday. The claimant can complete a normal forty-hour workweek without excessive interruptions from psychological symptoms, interact appropriately to coworkers and supervisors on a limited basis, and can adapt to a job setting. She determined that the claimant has the ability to understand, remember, and carry out simple instructions. The undersigned finds that Dr. Prosser's opinion is persuasive as her opinion is consistent with evidence showing logical thoughts, fair to good memory and recall, fair judgment, and dull normal intelligence as well as depressed and flat mood and affect.

Tr. 39-40.

On appeal, "It is not the Court's task to scrutinize the Commissioner's findings and

conclusions, or to weigh their persuasiveness. Rather, the Court merely evaluates whether the ALJ employed the proper legal standards in crafting the findings and conclusions, and whether these were supported by substantial evidence." *Tischler*, 2021 WL 5832843, at *3; *see also Gutierrez v. Barnhart*, 2005 WL 1994289, at *7 (5th Cir. 2005) (citation omitted) ("the salient issue is whether substantial evidence exists in the record to support the ALJ's decision.").

Based upon the objective evidence, the ALJ found that the claimant's statements about the intensity, persistence, and limiting effects of his symptoms were not consistent with the evidence. Tr. 40. This Court has previously looked to the totality of the ALJ's decision in order to determine whether substantial evidence supports the ALJ's findings. Here, there is a thorough discussion underlying the ALJ's RFC finding, which details Plaintiff's mental health treatment records. Tr. 37-40. Thus, the Court finds that the ALJ provided sufficient reasons in his discussion of the record evidence to allow for meaningful judicial review of his consideration of the relevant factors of supportability and consistency. Plaintiff has failed to show what, if any, additional limitations were warranted by Dr. Savell's vague statement regarding energy, motivation, and difficulty dealing with people. As such, the undersigned finds that the ALJ's opinion is supported by substantial evidence.

## Conclusion

For the reasons stated above, the undersigned finds that substantial evidence supports the Commissioner's findings, and that the Commissioner's decision should be and is hereby affirmed.

**THIS**, the 9th day of June, 2022.

/s/ Jane M. Virden
United States Magistrate Judge